[S. F. No. 2649.  Department One.—August 22, 1903.]

COMMERCIAL SAVINGS BANK OF SAN JOSE, Respondents, v. JOHN A. HORNBERGER and KATE HORNBERGER, Appellants.

PLEDGE—PRESERVATION OF LIEN—JUDGMENT ON NOTES SECURED—PARTIES—STATUTE OF LIMITATIONS—CONSTRUCTION OF CODE.—A pledgee has the actual possession and right of possession of the property pledged, and may retain the same until the debt is paid, though it may be barred by the statute of limitations. The pledgee may maintain an independent action on notes secured by the pledge, and the judgment in such action must be deemed a continuance of the original obligation for the preservation of the lien of the pledge under section 2911 of the Civil Code, as against an assignee of the pledge by the pledgor, who was not made a party to the action.

ID.—ACTION TO FORECLOSE PLEDGE—INSURANCE POLICY—ASSIGNMENT TO WIFE—ALLOWANCE OF ATTORNEY'S FEES.—Where an insurance policy was pledged to secure notes which provided for reasonable

attorney's fees in an action thereon, the pledgee in a subsequent action to foreclose the pledge, is entitled to the attorney's fees allowed in a former action upon the notes, as against the wife of the pledgor, who was the husband's assignee of the policy, though not made a party to the former action; but where there was no further express stipulation for attorney's fees, in case of foreclosure or sale of the pledged property, no further fees can be recovered in the action to foreclose the lien, and to have the interest of the wife declared subject thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   W. R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Joseph Hutchinson, for Appellants.

If a simple contract debt, accompanied by a pledge as collateral security, is barred by limitation, the pledgor may recover the pledge. (Lawson on Bailments, art. 70, subd. 5.) The lien of the pledge is extinguished by the lapse of time within which an action may be brought on the principal obligation. (Civ. Code, sec. 2911; *Wells* v. *Harter,* 56 Cal. 342.) The wife, as assignee of the policy, was entitled to avail herself of the statute of limitations against the original debt, which could not be extended as against her without her consent. (*McCarthy* v. *White,* 21 Cal. 495; *Low* v. *Allen,* 26 Cal. 141; *Lent* v. *Shear,* 26 Cal. 362; *Jeffers* v. *Cook,* 58 Cal. 147; *Newhall* v. *Sherman etc. Co.,* 124 Cal. 509; *California Bank* v. *Brooks,* 126 Cal. 198; *Newhall* v. *Hatch,* 134 Cal. 269-273; *Filipini* v. *Trobock,* 134 Cal. 441-445.) The allowance of attorneys' fees was improper. (*Taylor* v. *Ellenberger,* 128 Cal. 411; *Security Loan etc. Co.* v. *Mattern,* 131 Cal. 326; *Cortelyou* v. *Jones,* 132 Cal. 131; *Harris* v. *Smith,* 132 Cal. 316; *Orange Growers' Bank* v. *Duncan,* 133 Cal. 254; *Haensel* v. *Pacific States Savings etc. Co.,* 135 Cal. 41; *Luddy* v. *Pavkovich,* 137 Cal. 284; *Pacific Postal Tel. Co.* v. *Bank of Palo Alto,* 109 Fed. 378, 379, modifying 103 Fed. 841.)

Jackson Hatch, and Cobb & Rea, for Respondent.

Plaintiff was entitled to hold the pledged property until the debt was paid, regardless of the statute of limitations.

(*Whitmore* v. *San Francisco Sav. Union,* 50 Cal. 150; *Sonoma Valley Bank* v. *Hill,* 59 Cal. 110; *Zellerbach* v. *Allenberg,* 99 Cal. 69; *Gage* v. *Riverside Trust Co.,* 86 Fed. Rep. 998; *Cross* v. *Eureka Lake etc. Co.,* 73 Cal. 306; *French* v. *McCarthy,* 125 Cal. 512; *Spect* v. *Spect,* 88 Cal. 491;[1] *Hudson* v. *Wilkinson,* 61 Tex. 609; Wood on Limitations, p. 47, and note.) The wife, by the assignment from the pledgor, gained no further right than he himself possessed. (*Hudson* v. *Wilkinson,* 61 Tex. 609; *Taggart* v. *Packard,* 39 Vt. 628; *Sanders* v. *Davis,* 13 B. Mon. 432.) The attorney's fees allowed in the action upon the note were recoverable under the terms of the contract. (*County Bank* v. *Goldtree,* 129 Cal. 163; *Clark* v. *Carlton,* 4 Lea, 452; *Tinsley* v. *Moore,* 25 S. W. 148.)

SHAW, J.—Two questions are presented on this appeal, one upon the statute of limitations, and the other with respect to the allowance of attorney's fees.

1. The appellant Kate Hornberger claims that as to her the action is barred by the statute of limitations. The action is to recover a judgment debt against John A. Hornberger, to declare that the plaintiff holds a policy of insurance on his (Hornberger's) life as a pledge for the securing of the debt against him, and that the interest of the defendant Kate Hornberger, if any she have in the said policy, is subject and subordinate to the lien of the plaintiff, and that the lien be foreclosed, the policy sold, and the proceeds applied to the payment of the debt. The policy was pledged by John A. Hornberger, in 1892, to secure the payment of certain debts then existing against him in favor of the plaintiff, and also to secure whatever indebtedness might thereafter arise in favor of the plaintiff against him. Other debts thereafter arose, and the whole amount of all the debts at the time of the decree was over thirteen thousand dollars. The debts were all evidenced by promissory notes, the last of which was executed on March 29, 1894, and became due June 29, 1894. Before any of the debts became barred by the statute of limitations, the plaintiff began an action against John A. Hornberger alone, to recover a personal judgment against him for the debts,

[1] 22 Am. St. Rep. 314.

in which action a judgment was recovered on June 24, 1897, in favor of the plaintiff against John A. Hornberger for over twelve thousand dollars and costs. The present action was begun on April 26, 1899. On August 19, 1893, John A. Hornberger assigned and transferred to his wife, the appellant Kate Hornberger, all his right, title, and interest in the policy pledged to the plaintiff, of which transfer plaintiff had no notice until August 8, 1894, the advances having been made prior to that sale. Upon these facts the claim of the appellant Kate Hornberger is, that as she was not a party to the action wherein a judgment was recovered against John A. Hornberger, any suit to foreclose the lien of the pledge is, so far as she is concerned, barred by the statute of limitations, and that, for the reason that the original debt is barred as to her, the lien of the pledge is extinguished, and, consequently, that she holds title to the policy by virtue of her assignment from her husband, free from any lien or claim in favor of the plaintiff.

In support of this proposition, appellants cite many cases, the authority of which cannot be disputed, to the effect that subsequent purchasers of mortgaged property, or holders of a lien subject to the mortgage, may take advantage of the statute of limitations whenever the original debt is barred with respect to them, although the principal debtor has secured an extension of time for its payment, or has been absent from the state, so that the debt is not barred as against him, and that in such a case the lien of the mortgage is extinguished as to the subsequent purchasers or holders of the subsequent lien. (*Jeffers* v. *Cook,* 58 Cal. 147; *Spaulding* v. *Howard,* 121 Cal. 194; *Newhall* v. *Sherman etc. Co.,* 124 Cal. 109; *California Bank* v. *Brooks,* 126 Cal. 198; *Newhall* v. *Hatch,* 134 Cal. 273; *Filipini* v. *Trobock,* 134 Cal. 445.) In all of these cases the lien consisted of a mortgage. The appellant Kate Hornberger claims that the same principle must be applied to a pledge. We think, however, that there is a radical distinction between the two. A pledgee has the actual possession and the right of possession of the property pledged, whereas the mortgagee has neither possession nor right of possession. The pledgee may recover the amount of his debt from the debtor by an independent suit without foreclosing the pledge,

whereas the mortgagee can maintain but one action for the recovery of the debt, and that must be an action for foreclosure, and in that action he must include all parties having a lien on, or an interest in, the property subordinate to the mortgage. The pledgee has a right to retain the possession of the property until his debt is paid, although it may be barred by the statute of limitations. (*Hudson* v. *Wilkinson,* 61 Tex. 606; *Gage* v. *Riverside Trust Co.,* 86 Fed. 998; *Spears* v. *Hartley,* 3 Esp. 81; *Spect* v. *Spect,* 88 Cal. 441;[1] *Zellerbach* v. *Allenberg,* 99 Cal. 69.) Appellants contend that the lien is extinguished under the provisions of section 2911 of the Civil Code, which reads as follows: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." It appears to us that the effect of this section, under the circumstances of this case, is to keep the lien of the plaintiff alive. For the purpose of construing this section, it should be held that the principal obligation referred to may be either the original debt or any judgment into which it may have been merged. The principal obligation, at the time the present action was begun, was the judgment recovered by the plaintiff against John A. Hornberger, and the time within which an action could be brought upon it had not then elapsed. It has been kept alive by the recovery of the judgment. The application of this section to a pledge differs from its application to a mortgage, because of the different rules concerning the bringing of an action upon the principal obligation. In the case of a pledge, the pledgee can maintain an action upon the principal obligation without foreclosure of the pledge, and thereby he can extend the time within which an action can be brought upon the principal obligation. In the case of a mortgage but one action can be begun, and that must be an action for foreclosure. Therefore, if the mortgagee fails to begin an action for foreclosure until after the time for bringing the action upon the principal obligation has elapsed, he is barred as to all persons having an interest in the property subsequent to his mortgage who have not consented to an extension of time, or who, by absence from the state, have not extended the period of limitation. As to them, in such a case, there can be

[1] 22 Am. St. Rep. 314.

no action brought upon the principal obligation, within the meaning of section 2911 of the Civil Code. In the case of a pledge, such subsequent purchasers are not necessary parties to an action upon the principal obligation, as in the case of a mortgage.

The case of *Conway* v. *Supreme Council,* 131 Cal. 440, cited as authority against this proposition, is really authority for it. In that case, as in this, the statute of limitations was pleaded, and it was claimed that the lien of the pledge was extinguished because the debt was barred. The court below failed to find upon this issue, and this court held this to be error, saying: ''There is no doubt but that the principal obligation in this case was barred under the provision of the section of the Code of Civil Procedure pleaded, *unless it had been reduced to judgment, or in some other equally effective form had been kept alive and enforceable.*'' The portion of the quotation italicized shows that the court had in mind the proposition that the pledgee might, by bringing an action upon the principal obligation, keep alive his lien. As subsequent purchasers, or persons interested subordinate to the lien of the pledge, would not be necessary or proper parties to a suit upon the principal obligation in case of a pledge, it follows that, if a suit is begun and judgment recovered which serves to keep alive the principal obligation, the lien is not extinguished. We are therefore of the opinion that the claim of the plaintiff is not barred as against the appellant Kate Hornberger.

2. The appellants claim that the court erroneously allowed attorney's fees in favor of the plaintiff. The notes held by the plaintiff provided that, in case of suit thereon, the plaintiff should recover from the defendant a reasonable attorney's fee in the action. As the policy was pledged to secure the payment of these notes, including the promise to pay attorney's fees in case of suit, it follows that the plaintiff is entitled to a lien, not only for the principal and interest on the notes, but also for the attorney's fees allowed in the action brought to recover upon the notes. (*County Bank* v. *Goldtree,* 129 Cal. 160.) But in this action to foreclose the lien, and have the interest of Kate Hornberger declared subject to the plaintiff's pledge, the court allowed an attorney's fee of four hundred dollars to the plaintiff. This, we think, was error.

The agreement transferring the policy to the plaintiff as a pledge to secure the payment of these debts contained no stipulation for the payment of attorney's fees in case of foreclosure, or in case of sale of the property. The compensation of attorneys is left to the agreement of the parties (Code Civ. Proc., sec. 1021), and where there is no agreement to pay attorney's fees, the court has no authority to allow them. This proposition is so well settled that citation of authorities is not necessary in its support. The provisions of the notes· with respect to attorney's fees were merged in the first judgment, and after the recovery of that judgment, there existed no agreement to pay further attorney's fees in case of a subsequent suit to foreclose the lien. It follows, therefore, that the court erred in allowing the attorney's fee in this action.

The judgment of the court below is modified by striking therefrom the clause allowing the plaintiff in the action four hundred dollars, fixed and allowed as counsel fees for services of its attorney in this action, and, as so modified, the judgment is affirmed.

Van Dyke, J., and Angellotti, J., concurred.