[Civ. No. 868.   Second Appellate District.—February 10, 1911.]

## THE JOHN M. C. MARBLE COMPANY, a Corporation, Appellant, v. MERCHANTS' NATIONAL BANK OF LOS ANGELES, a Corporation, Respondent.

BANKS—CHECK. OF DEPOSITOR—NATURE AND EFFECT—NONLIABILITY OF BANK FOR UNACCEPTED CHECK.—The holder of the check of a depositor upon a bank is the mere bearer of an order drawn by the depositor, the making and delivery of which does not work an assignment of the deposit fund or any part of it, and it is not binding on the bank unless accepted by it. The check-holder has no right of action against the bank upon a check which it refuses to accept.

ID.—REFUSAL TO PAY SUFFICIENT DEPOSIT—LIABILITY LIMITED TO DEPOSITOR—LIABILITY OF DEPOSITOR TO CHECK-HOLDER.—Even though a bank refuses to pay a sufficient deposit to cover the amount of the face of the check, it becomes charged with no liability to the bearer of the check. The bank is, in such case, responsible to the depositor only, and the depositor is liable, in turn, to the person to whom he issues his checks.

ID.—EFFECT OF ATTACHMENT AGAINST CHECK-MAKER—GARNISHMENT OF BANK—RIGHT OF COUNTERCLAIM.—The effect of the service of a writ of attachment at suit of the holder of the check against the maker thereof, and the garnishment of the bank under such writ, is merely to place the attaching creditor in the shoes of the maker of the check, and gives the bank the right to counterclaim or set off any past due indebtedness of the depositor to the bank which it could counterclaim in an action by the depositor against the bank to recover his deposit.

ID.—SETOFF OF SECURED NOTE—PLEDGE.—Though no setoff to the deposit could be made of indebtedness of the depositor to the bank secured by a mortgage upon real property, yet the bank may set off thereto a matured note secured by a pledge of personal estate, consisting of a dividend by the pledgor upon a future sale of real property to be converted into money, the pledgor's dividend therefrom being assigned to the bank as pledgee. As pledgee the matured note may be set off against the depositor, and as against a garnishment of the deposit by the attaching creditor of the depositor, without proceeding to collect on the security.

ID.—PLEDGE SECURED BY TRUST AGREEMENT FOR SALE ASSIGNED AS SECURITY—JUDGMENT FOR DELIVERY TO PLAINTIFF OF SECURING PAPERS.—Where plaintiff sought to obtain judgment against the bank as garnishee for the full amount of the attachment in his suit

against the depositor against whom he recovered judgment for the full amount of the check, and the trial court ordered the securing papers, consisting of a trust agreement for sale and dividend assigned as security of the note set off against the deposit, to be delivered to plaintiff "upon this judgment becoming final," though such relief is not specifically prayed for in the complaint against the bank, plaintiff can scarcely complain of this fact.

ID.—MODIFICATION OF JUDGMENT—IMPROPER CONDITION.—The court improperly attached as a condition to the delivery of the documents showing the pledge securing the note set off against' the depositor, that they should be delivered "upon this judgment becoming final," and the judgment will be modified by striking out those words, and as so modified will be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Oscar A. Trippet, for Appellant.

O'Melveny, Stevens & Millikin, and Horace S. Wilson, for Respondent.

JAMES, J.—This appeal is taken from a judgment by which plaintiff was awarded certain relief, and which provided that neither party recover costs. The matters sought to be reviewed are presented on the judgment-roll alone.

As found by the trial court, the facts are as follows: On February 8, 1909, one John T. Donnell delivered to plaintiff his check drawn upon the defendant bank for the sum of $2,685; the check was presented for payment on the following morning at the bank and payment was refused, the bank giving as a reason for the refusal that there was not sufficient funds to the credit of Donnell to cover the required amount. Thereupon plaintiff brought suit against Donnell and had a writ of attachment issued therein on February 13, 1909, which writ it caused to be served upon defendant; judgment was recovered on March 3, 1909, against Donnell in favor of plaintiff for the sum of $2,697.02 and costs. Upon being served with the writ of attachment, defendant answered that it had in its possession the sum of $1,175.92 belonging to Donnell, and subsequently delivered this amount of money

to the sheriff, who applied it on the execution which had been issued to secure satisfaction of plaintiff's judgment. Under proceedings supplemental to execution, plaintiff caused the defendant to answer further in court respecting the amount of Donnell's deposit as it stood at the time of the presentation of the check and the serving of the writ of attachment. Leave was thereafter obtained to bring suit against defendant to determine whether or not a greater sum should have been accounted for by the latter. By the further findings of fact it appears that on the morning of February 9, 1909, there was credited to Donnell on general deposit with defendant the sum of $2,839.02; that at that time Donnell was indebted to the bank on a promissory note then due in the sum of $1,573.80; that at about the hour of 8:30 A. M. of February 9th, the bank applied enough of Donnell's deposit credit to pay the note indebtedness, so that when plaintiff's check was presented later in the day the deposit was insufficient to cover the amount required to cash it; that later, and before the writ of attachment was served, several checks for smaller amounts were drawn against the deposit by Donnell, so that when the attachment was levied there remained only the sum of $1,175.92 to Donnell's credit.

Payment of the $1,500 note had been secured by the assignment to defendant by Donnell of an interest in a certain trust agreement, which will be noticed more particularly hereinafter. It is the contention of plaintiff that the application of the credit of Donnell from his general deposit, in extinguishment of the debt due on the promissory note, was unauthorized, and that it did not operate to defeat plaintiff's claim to sufficient of the deposit to satisfy its demand. It seems very clear that if plaintiff acquired any right of action against the bank, it acquired such right only after service of the writ of attachment. A check-holder is a mere bearer of an order drawn by the depositor; the making and delivery of a check does not work as an assignment of the deposit fund or any part of it, and is not binding on the bank against which it is drawn until accepted by it. The modern authorities are generally to the effect that even though a bank refuses payment, where the deposit is sufficient to cover the amount of the face of the check, it becomes charged with no liability to the bearer of the check; the bank is, in such a

case, responsible to the depositor only, and may be sued by him for damages. In brief, a bank is responsible and accountable to its depositor and the depositor in turn to the persons to whom he issues his checks. In the case of *Laclede Bank* v. *Schuler,* 120 U. S. 511, [7 Sup. Ct. Rep. 644, 30 L. Ed. 704], the supreme court of the United States has said: ''The question of how far and under what circumstances a check of a depositor in a bank will be considered an equitable assignment, to the payee of the check, of all or any portion of the funds or deposits to the credit of the drawer in the bank, is one which has been very much considered of late years in the courts, and about which there is not a unanimity of opinion. In this court it is very well settled that such a check, unless accepted by the bank, will not sustain an action at law by the drawee against the bank, as there is no privity of contract between them.'' (See, also, Zane on Banks and Banking, sec. 146.) By the Civil Code, section 3254, a check is declared to be a bill of exchange, and by section 3255 of the same code it is made subject to all of the provisions affecting bills of exchange, with certain exceptions which are immaterial to any question presented in this case. The rights of the holder of a bill of exchange in case of nonpayment on presentment are as have just been defined. We conclude, then, preliminarily, that even though there was sufficient money to pay plaintiff's check, to the credit of Donnell at the time the check was presented, no right of action against the bank accrued in favor of plaintiff. When the writ of attachment was served, however, its effect was to require defendant bank to withhold for satisfaction of plaintiff's demand sufficient, if there was such, of any money it then owed Donnell. In ascertaining this amount it would be the right of the bank to first deduct any matured indebtedness owing to it by Donnell, which it would have been entitled to set up by way of counterclaim, in the event Donnell had sued to recover the sum of his deposit. (Zane on Banks and Banking, sec. 140; *McKean* v. *German-American Savings Bank,* 118 Cal. 340, [50 Pac. 656].) An attaching creditor is clothed with no greater rights than the debtor himself; he stands in the shoes of the debtor, and any offset which might be urged against the debtor by the garnishee is equally available against the attaching creditor. ''The suing out of a

process in garnishment does not in any manner change the rights of the parties to the proceeding further than to transfer the right of the defendant to his creditor to proceed against the garnishee for the collection of the debt due to the principal defendant. It is a rule of universal application that the plaintiff in garnishment is, in his relation to the garnishee, substituted merely to the rights of his own debtor, and can enforce no demand against the garnishee which the debtor himself, if suing, would not be entitled to recover. . . . Another effect of this rule is, that the plaintiff is liable to be met by the garnishee on his own behalf with the same setoffs and other defenses that the garnishee might have interposed had an action been brought against him by his own creditor, the principal defendant in the garnishment proceedings.'' (Shinn on Attachment, sec. 487; Drake on Attachment, sec. 536; Bolles on Modern Law of Banking, p. 741; *Schuler* v. *Israel,* 120 U. S. 506, [7 Sup. Ct. Rep. 648, 30 L. Ed. 707].)

The right of a bank to set off a matured indebtedness against the claim of its depositor or his creditor does not, however, permit of an indebtedness secured by a mortgage being so used as an offset. Section 726 of the Code of Civil Procedure provides: ''There can be but one action for the recovery of any debt, or the enforcement of any right, secured by mortgage upon real or personal property.'' It is the contention of appellant that the assignment to defendant by Donnell of his interest in the trust agreement was an assignment of an interest in real property and constituted a mortgaging thereof. Certain real property had been transferred to a trustee by Donnell and eight others who had all contributed toward its purchase; the trustee took title with directions to sell and dispose of the property and divide the proceeds among the several purchasers, including Donnell, who was to be awarded an eleven one-hundredths share of such proceeds. Donnell when he assigned to the bank as security for the payment of the $1,500 note his interest in this agreement, assigned merely a chose in action, an interest in a fund of money to be realized in the future by the sale of real property; by the making of the trust agreement he had converted any undivided interest in the real property which he possessed into a right only to receive money in lieu

thereof, and this right was undoubtedly personal property. ''The words 'personal property' include money, goods, chattels, things in action, and evidences of debt.'' (Code Civ. Proc., sec. 17.) This property, given as security by Donnell to the bank, was by way of a pledge and not as a mortgage. As a pledgee, defendant would have the right to offset its matured claim on the $1,500 note against Donnell's deposit without proceeding to collect on the security. ''The pledgee may recover the amount of his debt from the debtor by an independent suit without foreclosing the pledge, whereas the mortgagee can maintain but one action for the recovery of the debt, and that must be an action of foreclosure.'' (*Commercial Savings Bank* v. *Hornberger*, 140 Cal. 19, [73 Pac. 625].)

After applying sufficient money from Donnell's deposit to satisfy the $1,500 note, the defendant had in its possession the trust agreement and assignment thereof. These documents the trial court by its judgment directed should be delivered to plaintiff, when its judgment should have become final. Plaintiff sought by its action to recover a money judgment against defendant, and while it may be that the judgment as entered awards more and different relief than plaintiff was entitled to under its complaint, plaintiff can scarcely complain of this fact. Assuming that the judgment was a proper one to be entered, there would seem, however, to be no authority for the condition placed upon it, to wit: That the recovery be had of the documents mentioned only when the judgment should have become final.

It is ordered that the judgment be modified by striking therefrom the words ''upon this judgment becoming final''; as so modified the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1911, and the following opinion then rendered thereon:

THE COURT.—The petition of appellant for a rehearing is denied. The question as to whether or not the trust attempted to be created by Donnell and others was valid we did not deem material to a decision of this case. Of course, if the declaration of trust was invalid under the conveyance to the trustee,

a resulting trust would have arisen in favor of Donnell and his associates who had contributed the purchase price of the real property; and, in that event, they might have demanded a reconveyance of their respective interests. The assignment to the bank did not purport to convey any interest in real property; it was not appropriate in form so to do, and the intent was clearly to the contrary; it was plainly an assignment of the right to share in the proceeds of the sale of the property, if the same were sold, and nothing more; the bank made no other claim; there was no attempt to mortgage the interest of Donnell in the real property. As was said in the opinion filed, the assignment was an assignment of an interest in personal property given by way of a pledge, and not as a mortgage.