[Civ. No. 2509.   Second Appellate District, Division One.—February 5, 1919.]

## FIRST NATIONAL BANK OF CORONA (a Corporation), Respondent, v. J. B. COPLEN, Appellant.

Banks and Banking—Banker's General Lien—Applying Depositor's Money to Extinguish Matured Indebtedness.—The right of a bank, in enforcing the general lien given to it by section 3054 of the Civil Code, to apply money on deposit belonging to a customer in extinguishment of the customer's matured indebtedness, is not dependent upon the consent of the depositor.

Id.—General Lien not Applicable to Debt Secured by Mortgage.— In view of the provision of section 726 of the Code of Civil Procedure that there shall be but one action for the recovery of any debt secured by mortgage, where a bank holds an unsecured note and also a note secured by mortgage, it cannot apply its customers' money on deposit in cancellation of the secured debt.

Appeal—Frivolous Appeal—Imposition of Penalties.—Where there is no merit in an appeal, and it is apparent that it is taken merely for delay, courts should, as contemplated by section 957 of the Code of Civil Procedure, impose penalties.

APPEAL from a judgment of the Superior Court of Riverside County.   Hugh H. Craig, Judge.   Affirmed.

The facts are stated in the opinion of the court.

G. R. Freeman  for Appellant.

Walter S. Clayson and A. H. Winder  for Respondent.

SHAW, J.—On March 22, 1917, plaintiff held two notes made to it by defendant, one for one thousand two hundred dollars, secured by mortgage upon 150 tons of hay, the other,

unsecured, for two thousand dollars, and both of which were then due.   Defendant was a general depositor in said bank and at the time had on deposit therewith $393.38, which sum the bank, without notice to him, applied upon the unsecured note of two thousand dollars.   Upon learning of this fact, defendant telephoned the bank he wanted the deposit applied in liquidation of the secured note, with which request the plaintiff, upon the ground that it had already been credited as stated, refused to comply.   Thereupon, on the following day, plaintiff brought this action to recover the balance of said note and attached the property held by it as security for the one thousand two hundred dollar note.

Judgment went for plaintiff, from which defendant prosecutes this appeal.

That "a banker has a general lien, dependent on possession, upon all property in his hands belonging to a customer, for the balance due to him from such customer in the course of the business," is declared by section 3054 of the Civil Code; and that a bank may, in the exercise of the right to enforce such lien, appropriate the money in its possession belonging to a customer in the extinguishment of the customer's matured indebtedness, is declared in the case of *Melander* v. *Western Nat. Bank,* 21 Cal. App. 462, [132 Pac. 265], and cases cited therein.   To hold the right to so apply the deposit is dependent upon the consent of the depositor would destroy the right given.   As stated, one of the notes was secured by a mortgage, and under section 726 of the Code of Civil Procedure, providing that there shall be but one action for the recovery of any debt secured by mortgage, the bank could not enforce its lien by applying the deposit in cancellation of the secured debt.   (*McKean* v. *German-American Sav. Bank,* 118 Cal. 334, [50 Pac. 656] ; *Gnarini* v. *Swiss-American Bank,* 162 Cal. 181, [121 Pac. 726].)   Hence, the only note of defendant held by the bank upon which it was entitled to apply the general deposit was in liquidation of the unsecured note.

As stated, the one thousand two hundred dollar note was secured by a mortgage upon a certain quantity of hay and, after applying the deposit toward the liquidation of the two thousand dollars, plaintiff caused an attachment to be levied upon the hay mortgaged as security for the former note. Thus, by mortgage and lien under execution of the writ of

attachment, plaintiff's entire claim against defendant was secured by the hay; hence it is impossible to conceive how defendant could have been prejudiced by the application of this deposit in the manner stated. There is no merit in the appeal, and the circumstances are such as to render it apparent that the appeal was taken for delay. The declared policy of the law is in opposition to the prosecution of such appeals. Section 957 of the Code of Civil Procedure provides that "when it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." While courts in the exercise of the power so given are loath to impose the penalty prescribed for the prosecution of a frivolous appeal, nevertheless when it is apparent that the appeal is taken merely for delay, they should, as contemplated by the provision quoted, impose penalties to discourage such litigation from adding unnecessarily to the congestion now existing in the courts. It is, therefore, ordered that, in addition to the costs of the appeal, respondent recover from appellant the sum of one hundred dollars as damages on account of the appeal herein having been "made for delay."

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.