[Civ. No. 11940. Second Appellate District, Division One.—July 2, 1940.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) Respondent, v. GEORGE E. CRYER et al., Appellants.

R. Alston Jones for Appellants.

Thorpe & Bridges and Roane Thorpe for Respondent.

WHITE, J.—In an action to recover a deficiency alleged to exist after a trustee's foreclosure sale of the real property described in two deeds of trust, judgment was entered for plaintiff under the provisions of section 437c of the Code of Civil Procedure, which section provides that in an action upon a debt or liquidated demand, if it is claimed there is no defense to the action, on motion of plaintiff supported by affidavits the answer may be stricken out and judgment entered, in the discretion of the court, unless the defendant shall show by affidavit such facts as may be deemed sufficient to entitle him to defend. From such judgment, as well as from an order denying a motion to vacate the same and grant a rehearing, defendants prosecute this appeal.

Plaintiff set forth in its complaint the execution and delivery by defendants of two promissory notes for $20,000 and

$15,000 respectively, each secured by a deed of trust upon real property in the city of Los Angeles, the failure of defendants to pay the principal when due, the execution and recordation of notice of breach and election to sell, and thereafter the sale by the trustee to plaintiff at public auction of the respective pieces of property in the manner and form required by law. It was also alleged in the complaint that the real property securing the $20,000 note was sold to plaintiff for the sum of $12,769.87; that the fair market value of the property at the time of sale was not in excess of said sum, and that after applying the proceeds of sale to the payment of expenses, interest, taxes, advances and principal, there remained a deficiency of $10,000; that the property securing the $15,000 note was sold to plaintiff for the sum of $11,147.66, which sum was the fair market value of the property, leaving a deficiency of $5,000.

Defendants by their answer denied that the trustee gave notice of sale as required by law, or that the defendants were notified thereof; denied that the trustee sold the property at the time and place of the alleged sale; denied the plaintiff was the highest bidder; alleged that the fair market value of the properties was over $18,000 and $15,000 respectively; and charged generally that the trustee never "made a legal or valid sale" and failed to comply with the provisions of the note or "with the law with reference to the sale of said property".

In support of the motion for summary judgment there was filed an affidavit by R. T. Adams, an assistant secretary of plaintiff bank, containing as exhibits photostatic copies of the trust deeds, notes, notices of default and election to sell, and trustee's deeds, establishing that the properties were sold to plaintiff at public sale. The affidavit also set forth the amounts of fees and expenses of sale, advances, interest and principal unpaid, the balances due after sale, and concluded "That the facts stated in this affidavit are within the personal knowledge of affiant, and that affiant, if sworn as a witness, could testify thereto from his own knowledge."

In opposition to the motion defendants filed two affidavits, one of which was by Leland S. Bower, who deposed that he was present at the place where and the time when the sale of the property allegedly took place as recited in the trustee's deed; that at said time and place the trustee's agent read

the notice of sale and called for bids on the property mentioned in count one of respondent's complaint; that thereupon the agent of respondent bank "bid twelve thousand and some hundreds of dollars", the exact amount of which affiant did not recall; that thereupon the trustor, George E. Cryer, bid $14,000; that the auctioneer did not call for further bids, or announce the successful bidder, or "strike off the property, or make a sale thereof", but postponed the sale to a later time. To the same effect was the other affidavit, sworn to by George E. Cryer, one of the defendants, who, however, particularly set forth in his affidavit that when he offered a bid in the sum of $10,000 for the property described in the second count of plaintiff's complaint, the trustee's agent in charge of the sale demanded to know whether the said George E. Cryer "had the money with him" and further stated that unless Mr. Cryer then and there produced the money he would not be allowed to bid for the property. It was further set forth in Mr. Cryer's affidavit that he then suggested to said trustee that he complete the sale, determine the highest bidder and "strike off the property before demanding the production of money"; that said trustee did not call for further bids, but proceeded to read another notice of sale and offered for sale the parcel of property mentioned in the first count of plaintiff's complaint, and upon asking for bids thereon affiant Cryer bid $14,000. The affidavit further states that thereupon substantially the same discussion occurred between the trustee and affiant as had followed affiant's bid for the other parcel of property; that finally the trustee made the following statement: "I am going to postpone the sale of this property until a quarter of twelve, to give you a chance to produce the money so that I can allow you to bid."

Appellants contend that the affidavits before the court on the motion for summary judgment established for the purpose of that motion that the recitals in the trustee's deeds were false; that the plaintiff was not the highest bidder at the alleged sale, and that in fact no sale was made at all. With this claim we cannot agree. ■ The effect of the provisions of section 437c of the Code of Civil Procedure, so far as they apply to a defendant, require that the latter, in order to defeat a motion for summary judgment, must present an affidavit or affidavits setting forth evidentiary facts sufficient, if accepted as true—as they must be for the purposes of the

motion—to show that the defendant has a defense to the plaintiff's claim or to some part thereof. It must be borne in mind that a motion for summary judgment is not a trial upon the merits. It is merely to determine whether there is an issue to be tried. ▪ In neither the answers nor defendants' affidavits do we find presented any issue of actual fraud, unfairness or oppression committed by the trustee. While a trustor is not estopped as against the trustee to deny the regularity of a sale, we find no averments by defendants sufficient to raise that issue. Defendants' affidavits merely allege that on the date and at the time to which the sale was regularly postponed, defendant George E. Cryer submitted a bid and the auctioneer questioned the former's financial ability to pay in cash, following which the sale was adjourned to 11:45 o'clock on the morning of the same day, for the purpose, as announced by the auctioneer, of affording defendant Cryer an opportunity to produce the amount of money represented by his bid. This worked no prejudice upon appellants, for neither at the sale nor at the hearing on the motion for summary judgment was any attempt made to establish Mr. Cryer's financial responsibility or that he was a *bona fide* bidder. (*Quinn* v. *Matthiassen*, 4 Cal. (2d) 329, 333 [49 Pac. (2d) 284].) ▪ Surely it cannot be said that upon a trustee's sale under a deed of trust the auctioneer is required to accept any bid that is made, irrespective of whether the amount of the bid is produced and where no information is forthcoming as to the financial ability of the bidder. If this were true, any debtor could attend a foreclosure sale of his property and make any bid he cared to, without any intention of actually paying the amount of his bid. The sale then, of course, would have to be held all over again, new notices gotten out, etc. If such a procedure were permitted and carried to its possible ultimate conclusion, any foreclosure sale could be prevented indefinitely. Further, it must be remembered in the instant case that it was necessary to foreclose the two deeds of trust because the trustor, Mr. Cryer, had defaulted in his payments upon the notes they secured. Was not the trustee's agent at the sale warranted, therefore, in assuming that if Mr. Cryer were financially responsible he would not in the first place have allowed the trust deeds to reach a sale on foreclosure? We think so. And indeed, as heretofore pointed out, at no time during the proceedings now

under review was any attempt made to assert the financial ability of appellant Cryer to pay in cash the amount of the bids he proffered.

So far as the postponement of the sale after it was commenced to a subsequent hour on that same day is concerned, this was authorized by the terms of the deed of trust. Nowhere in the showing made by defendants in opposition to the motion for summary judgment was the court enlightened as to what, if anything, took place at the time to which the sale was adjourned, nor was the court advised as to whether defendant Cryer returned and participated in the bidding upon the last-named occasion. While, as heretofore stated, recitals contained in a trustee's deed are not conclusive as between the parties to the trust deed (*Seccombe* v. *Roe,* 22 Cal. App. 139 [133 Pac. 507]), nevertheless, it was incumbent upon the defendants in order to defeat the motion for summary judgment to present evidentiary facts to controvert the recitals in the trust deed to the effect that the sale was legally held, thereby raising an issue, the merits of which would be determined upon a trial. We therefore hold that taken either separately or together, the answer of appellants and the affidavits filed on their behalf at the hearing upon the motion failed to plead or present a legal defense to respondent's complaint.

Appellants' claim that the bid upon which the property was sold was grossly inadequate cannot be upheld. Respondent bid $12,769.87 for one piece of property and $11,147.66 for the other. In one of appellants' affidavits it is set forth that the assessment made by the county assessor for the fiscal year 1937–1938 indicated as to one of the pieces of property an actual worth of $16,620 and for the other a value of $18,440; also that on May 12, 1937, a qualified and experienced appraiser employed by respondents placed a value of "from fourteen to fifteen thousand dollars" on one of the parcels. Nowhere do we find any averment as to the actual market value of the properties on September 17, 1937, the date of the trustee's sale, but it does appear that on said day appellant George E. Cryer himself bid only $14,000 for the parcel of property which respondent purchased with a bid of $12,769.87. Manifestly, no gross inadequacy appears in the bids submitted by respondents.

By reason of the foregoing, other questions raised need not be considered.

The purported appeal from the order denying defendants' motion for a rehearing and to vacate the minute order for summary judgment is dismissed.

For the reasons herein stated, the judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 29, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1940.