[Sac. No. 215.   Department One.—June 14, 1897.]

THE PEOPLE, RESPONDENT, v. JOHN N. E. WILSON,
APPELLANT.

STATE OFFICERS—UNAUTHORIZED DEPOSIT OF FUNDS IN BANK—FAILURE
OF BANK—LIABILITY OF OFFICER.—An officer of the state has no au-
thority to loan the moneys of the state, nor to deposit the same as a
general deposit in a bank, although such deposit be made by him as an
agent of the state, and not upon his individual account; and he is not
excused from liability to pay over to the state the amount of moneys
so deposited, by reason of the failure of the bank in which the deposits
were made.

ID.—CONSTRUCTION OF CODE—LOANS—UNLAWFUL DEPOSITS.—Section 424
of the Penal Code, prohibiting loans and unlawful deposits of public
moneys in any bank, is not to be construed as intended to allow loans
by way of general deposit in banks, while forbidding all others.

APPEAL from a judgment of the Superior Court of
Sacramento County.   MATT. F. JOHNSON, Judge.

The facts are stated in the opinion.

*Naphtaly, Freidenrich & Ackerman*, for Appellant.

*W. F. Fitzgerald*, Attorney General, and *W. H. Ander-
son*, Assistant Attorney General, for Respondent.

BRITT, C.—The law of this state relating to the office
of insurance commissioner provides, among other
things, for the collection by the commissioner of cer-
tain fees and assessments from persons and corpora-
tions engaged in the business of insurance, and that he
shall "pay monthly into the state treasury whatever
amounts may be received and collected by him." (Pol.
Code, sec. 606.)   Appellant held said office from April
1, 1890, to April 1, 1894; it was his custom to make re-
mittance of his official collections to the state treasurer
once a month, and at intermediate times he deposited
the same in the Pacific Bank, an incorporated commer-
cial bank in the city of San Francisco, then of good
financial repute and standing.   Toward the close of
June, 1893, when appellant's receipts in virtue of his
office during that month amounted to about two thou-

sand three hundred dollars, which had been deposited as aforesaid from day to day, the bank failed, and ceased to do business and refused repayment of such deposits.

This action is prosecuted against the commissioner, on the complaint of the state controller, to recover the amount collected by the former in said month of June, with certain penalties for failure to pay over the same. (Pol. Code, sec. 437.)   In his answer, defendant alleged most of the facts above stated, with various other matters, and also "that he deposited said moneys in the Pacific Bank as the agent of the state of California, and not upon his individual account; and that he is neither morally nor legally liable for, nor had he anything to do with, the failure of the said Pacific Bank to pay to its depositors the money deposited therein by them."   The superior court gave judgment for plaintiff on the pleadings.

Counsel differ as to whether the answer shows that the deposits were placed to the credit of defendant individually or as a public officer; and the question is of importance in the case, (*Estate of Arguello*, 97 Cal. 196), if defendant was permitted by law to make an ordinary deposit of the funds in bank at all.   But, in our opinion, he was not.   If such deposits are allowed, the title to the money passes to the bank, and the transaction is nothing more or less than a loan, with a special provision implied that repayment shall be made as demanded by the checks of the depositor.   (*Janin* v. *London etc. Bank*, 92 Cal. 14; 27 Am. St. Rep. 82; *Yarnell* v. *Los Angeles*, 87 Cal. 603, 608; Boone on Banking, secs. 39–41.)   By the provisions of section 424 of the Penal Code, each officer of this state charged with the receipt, safekeeping, transfer, etc., of public moneys, who either . . . . 2. Loans the same or any portion thereof, . . . . or, 3. Fails to keep the same in his possession until disbursed or paid out by authority of law; or, 4. Unlawfully deposits the same, or any portion thereof, in any bank, or with any banker or other person . . . . is punishable by impris-

onment, etc. The moneys deposited by defendant in this instance were undoubtedly public moneys (Pen. Code, sec. 426); and such deposits were made in contravention of the spirit, if not the letter also, of each of the said subdivisions of section 424, and were thus unlawful. (Civ. Code, sec. 1667.) It may be answered that subdivision 4 contains an implied recognition of deposits in a bank which may be lawful; so it does, but for the purposes of a case like the present, at least, that subdivision should be understood in connection with the preceding prohibition of loans generally; it is not probable that the legislature intended to allow loans by way of general deposit in banks while forbidding all others. *Yarnell* v. *Los Angeles*, 87 Cal. 603, tends strongly to confirm the views we entertain of the present case.

The judgment should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.