GLOBE SAVINGS BANK v. NATIONAL BANK OF COMMERCE
OF NEW LONDON, CONNECTICUT, ET AL.

FILED APRIL 2, 1902.  No. 11,413.

Commissioner's opinion, Department No. 3.

1. **Bank:** FUNDS OF DEPOSITOR: INDEBTEDNESS OF DEPOSITOR: TRUST
FUND.  A bank has the right to appropriate the funds of a
depositor to the extent of the indebtedness due from him; but
if the deposit, or any part thereof, is a trust fund, and the
bank has notice of this fact, it will be liable to the true owner
if it appropriates such fund to the discharge of an indebted-
ness due from the depositor.

2. ————: ENTRIES ON BOOKS: ADMISSIONS: EVIDENCE.  In a suit
against a bank, entries on its books, made by its officers or
bookkeeper in the regular course of its business, are admissible
in evidence on behalf of the adverse party when in the nature
of admissions.

3. **Deposit:** CUSTOMER: DEBT: CONVERSION.  A bank that appropriates
a deposit made by a customer to reduce his indebtedness due
the bank, knowing the deposit, or a part thereof, to be a trust
fund, is liable to the true owner for a conversion of his money,
and an action at law to recover the amount can be maintained.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Arthur S. Churchill,* for plaintiff in error.

*W. W. Morsman, contra.*

DUFFIE, C.

This is an action brought by the National Bank of Commerce against the Globe Savings Bank and the Globe Loan & Trust Company to recover the proceeds of four paving warrants issued by the city of Omaha, which had been sent by the plaintiff to the Globe Loan & Trust Company for collection, and which were collected by that company October 31, 1895, in the sum of $1,258.94. The plaintiff's petition alleges that the Globe Loan & Trust Company, fraudulently and without authority, turned the money over to the plaintiff in error, and that it received the money "with full knowledge that the same was the property of the plaintiff and that the defendant Globe Loan & Trust Company had no right or authority to pay and deliver the same to said savings bank." The answer, after admitting the corporate existence of the several parties to the suit, is a general denial. Judgment was entered in favor of the plaintiff below against both defendants, and the Globe Savings Bank has brought error to this court, making the Globe Loan & Trust Company, which refused to join in the appeal, one of the defendants in error.

There were numerous objections to the admission of evidence upon the trial, and the action of the court in admitting certain matters of evidence against the objection of the plaintiff in error is here assigned as error. The case was tried to the court without a jury, and, following the usual practice, an examination of these alleged errors will not be necessary, provided the record discloses sufficient legal and competent evidence to sustain the judgment. The evidence is undisputed that the Globe Loan & Trust Company collected from the City of Omaha the four pav-

ing warrants in question. These warrants and others were paid by the treasurer of the city at the same time by a check drawn on the Nebraska National Bank of Omaha. This check was for the sum of $4,009.26, and the claim of the plaintiff below is that this check was deposited by the Globe Loan & Trust Company to the credit of its account with the Globe Savings Bank, and by that bank appropriated to its own use. The check itself shows that it was indorsed by the Globe Loan & Trust Company, and that the Globe Savings Bank in some manner came into possession of the check and received the benefit thereof appears from the following indorsement thereon: "Pay to the order of Commercial National Bank for account of Globe Savings Bank. W. B. Taylor, Cashier." It is insisted, however, that there is no competent evidence in the record to show that this check was deposited by the Globe Loan & Trust Company to the credit of its account with the Globe Savings Bank. The cash book and the ledger of the Globe Savings Bank were both introduced in evidence. Both of these books show a credit to the Globe Loan & Trust Company of $4,009.26 under date of October 31, 1895. The fact that the check was indorsed by the Globe Loan & Trust Company, followed by an indorsement by the Globe Savings Bank to its credit with the Commercial National Bank, and the fact that an item for the same amount is credited to the Globe Loan & Trust Company on the books of the Globe Savings Bank on the day of the date of the check, is, we think, sufficient evidence to uphold a finding that the check was paid into the Globe Savings Bank by the Globe Loan & Trust Company. It is true that the clerk who made the entry on the books of the Globe Savings Bank showing this credit to the Globe Loan & Trust Company, was not called to testify to the correctness of the books, or to show that the item was entered at the time of the transaction; but this, as we understand the rule, is necessary only where a party offers his own books of account to support his claim. The rule, we think, is general that one party may introduce the books of his ad-

versary without the preliminary proof necessary in other cases. In *Perry v. Butt*, 14 Ga., 699, it is said that "entries on the firm books are evidence against the firm, as all the members are presumed to be cognizant of such entries." And in *Currier v. Boston & M. R. Co.*, 31 N. H., 209, it is said: "Entries in the books of a party by his clerk and bookkeeper, are evidence against him, unless shown to be erroneous or mistaken. They will not be rejected because the facts stated were derived from others, and not from the owner of the books." In *German Nat. Bank of Hastings v. Leonard*, 40 Nebr., 676, this court held that book entries, made by a party in the regular course of his business, are admissible in evidence on behalf of the adverse party when in the nature of admissions.

We conclude, therefore, that there is sufficient competent evidence in the record to sustain a finding that the check in question was deposited by the Globe Loan & Trust Company to its credit in the Globe Savings Bank. The evidence is undisputed that at the date of the deposit of this check the Globe Loan & Trust Company was indebted to the Globe Savings Bank in a sum exceeding $5,000, and the question arises, whether, by using this check to reduce the amount of that indebtedness, the savings Bank converted the money of the Commercial National Bank, and is liable therefor in this action. There can be no question that a bank has a lien on the deposits of its customers for any debt due, and that it may apply a deposit made by a customer indebted to it in payment of an overdraft or any indebtedness which the bank may hold against him. This is the general rule; but, like all general rules, it has its exceptions. A bank can not apply money paid in by a customer and held by him as trustee for another to the payment of its own debt. If the bank has knowledge of the trust relation it will be liable for a conversion of the fund in case it applies it in satisfaction of its own indebtedness.

In *Central Nat. Bank v. Connecticut Mutual Life Ins. Co.*, 104 U. S., 54, it was held that when, against a bank ac-

count designated as one kept by the depositor in a fiduciary character, the bank seeks to assert its lien as a banker for a personal obligation of the depositor known to have been contracted for his private benefit, it must be held as having notice that the fund represented by the account is not the individual property of the depositor if it is shown to consist, in whole or in part, of funds held by him in a trust relation.  In *American Trust & Banking Co. v. Boone,* 102 Ga., 202, it is said: "A bank can not, without incurring liability to the true owner, knowingly appropriate to the satisfaction of a debt due to it by another trust funds deposited with it by him after the creation of such debt."  In *Bundy v. Town of Monticello,* 84 Ind., 119, it was held that a trust fund, or money substituted for such fund, may be recovered from the trustee, and all persons having notice of such trust into whose hands such fund may come.  An extensive and interesting note covering the law on the question involved will be found in *Rochester & Charlotte Turnpike Co. v. Paviour,* 52 L. R. A. [N. Y.], 790.

The Globe Loan & Trust Company and the Globe Savings Bank transacted business in the same building and used the same vault, and both corporations were largely composed of the same stockholders and officers.  The same person was president of both corporations, and the cashier of the Globe Savings Bank, who indorsed the check in question for deposit in the Commercial National Bank to the credit of his own bank, was secretary and treasurer of the Globe Loan & Trust Company, and other officers of the Globe Savings Bank were trustees and officers of the Globe Loan & Trust Company; so that the bank was chargeable with knowledge that the check taken by the Globe Loan & Trust Company in payment of the warrants of the plaintiff below was a trust fund, and that it could not be appropriated, to the extent, at least, of the inte· ·t of the defendant in error, to reduce the amount due from the Globe Loan & Trust Company to the Globe Savings Bank.  Having this knowledge, and making the a, ica-tion, was a conversion of the fund, and, having converted

the money of the defendant in error, there is no doubt of its liability for the money converted.

Objection is made to the form of the action, and it is said that the plaintiff below should have proceeded in equity to reach this fund. If the fund was still in the bank to the credit of the account of the Globe Loan & Trust Company there would be force in this suggestion. In *Central Nat. Bank v. Connecticut Mutual Life Ins. Co., supra,* it is said: "When a bank account was opened in the name of a depositor, as general agent, and it was known to the bank that he was an agent of an insurance company; that conducting its agency was his chief business; that the account was opened to facilitate that business, and used as a means of accumulating the premiums on policies collected by him for the company, and making payment to it by checks,—the bank is chargeable with notice of the equitable rights of the company, although he deposited other money in the same account and drew checks upon it for his private use. The company may enforce, by bill in equity, its beneficial ownership therein against the bank, claiming a lien thereon for a debt due to it, which he contracted for his individual use." This, we believe, announces the correct rule, and if the defendant in error was asserting its rights as against a fund still in possession of the bank, but held by the bank in the name of the Globe Loan & Trust Company, then a suit in equity would be a proper action to establish the trust and to enforce the relief to which it was entitled, although we do not care to say that it is the only action that could be maintained, a decision of that question not being necessary in this case. In the present case, however, the fund is no longer in the bank. There is no account to the credit of the Globe Loan & Trust Company standing upon the books of the Globe Savings Bank. There is no fund to be reached upon which to impress a trust. The fund has been converted, and, having been converted, the only remedy offered defendant in error was a suit at law for its damages,

We recommend that the judgment of the district court be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.