[Civ. No. 4146. Fourth Dist. Dec. 20, 1950.]

C. A. HANSEN, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Respondent.

E. John Eriksson and Homer M. Bail for Appellant.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer and George L. Beckwith for Respondent.

BARNARD, P. J.—In this action the plaintiff alleged that on April 28, 1947, he left with the Fontana Branch of the defendant bank the sum of $2,500 in cash; that the defendant received this sum and agreed to repay the same to him on his order; that the defendant misappropriated the whole sum on April 29, 1947; and that his demands for payment of said sum have been refused. A second cause of action, for money had and received, was included. The court found against the plaintiff on all of his allegations, except as to a demand, and found that the defendant was not indebted to him in any amount, for money had and received, or otherwise. The plaintiff has appealed from the judgment.

Most of the facts are undisputed. On April 25, 1947, the appellant's wife had $4,561.64 in a checking account in the Fontana Branch of this bank. On that day, she signed and left with someone at the Matthews Real Estate office a check for $2,000 with the name of the payee left in blank. About

noon on April 26, 1947, she gave to this bank a stop payment order describing a check drawn by her "Dated 4-25-47 For $2000 Favor of Matthews Real Estate."

On April 28, 1947, she and the appellant went to this bank and to an employee whose duty it was to sell bonds and who had nothing to do with receiving deposits. She purchased $2,061.64 worth of bonds, giving her check for that amount, which was on that day charged to her account, leaving a balance of $2,500. Mrs. Hansen told this employee that she wanted to close her account and open another for her husband. He told her there was no reason to take the cash when she wanted to open another account, and suggested that she give the appellant a check. She gave the appellant a check for $2,500 and they went together to another employee for the purpose of opening an account in his name. The appellant endorsed this check and gave it to this teller, who prepared a deposit ticket for $2,500 in the name of the appellant and gave him a passbook. Both the deposit ticket and passbook disclosed that the deposit consisted of a check, and not cash. This $2,500 check was never charged against the account of Mrs. Hansen. It clearly appears that the teller who received this deposit was not told that Mrs. Hansen desired to thereby close her account. And there is no evidence that she told the employee from whom she bought the bonds that her purpose in closing her account was to prevent the payment of an outstanding check.

On April 29, 1947, the check for $2,000 first above described, in which the name of Fred L. Crank had been inserted as payee, was presented to the bank and paid, and the amount charged to Mrs. Hansen's account leaving a balance of $500. On the same day, the check for $2,500 deposited by the appellant was dishonored, the provisional credit in appellant's account was cancelled, and notice thereof was duly given.

It thus appears that Mrs. Hansen issued two checks against her account; that she failed to give a valid stop payment order on the first (Civ. Code, § 3265g) ; that the second was deposited by the appellant; that before it was processed and the amount charged to Mrs. Hansen's account, the first check was presented, paid and charged; and that her account was then insufficient to cover the second check. The question presented is whether it must be held, as a matter of law, that the bank violated its duty to the appellant by not charging the $2,500 check to Mrs. Hansen's account before the $2,000 check was presented and paid.

The appellant contends that the evidence does not support the findings and judgment. It is argued that the evidence shows that he actually deposited $2,500 with the bank on April 28; that an employee of the bank advised Mrs. Hansen to handle the matter this way instead of withdrawing that sum in cash; that the employees of the bank knew that she wanted to close her account to prevent payment of the $2,000 check; that the $2,500 check, being presented first, was entitled to priority; and that the bank is estopped to deny that this was a cash deposit. It is further argued that section 16c of the Bank Act (Deering's Gen. Laws, Act 652) does not give the bank another day in which to determine whether a check is good, but merely gives it that time for giving notice when a check is found not good. Cases are cited stating that a bank has until the close of banking hours of the day of the deposit in which to act, but these cases were decided prior to the amendment of section 16c in 1943.

It appears conclusively and without conflict that appellant's deposit was made by check and not in cash. From the preponderant evidence, which must be accepted in support of the judgment, it appears that the teller who entered this deposit was not told of any desire on the part of Mrs. Hansen to close her account. Not only was no estoppel pleaded, but there is nothing in the evidence which establishes an estoppel in favor of the appellant, or which requires that the deposit of the $2,500 check be treated as a cash deposit. It seems to be settled in this state that a drawee bank owes no duty to the payee of a check to honor or pay the check. (*Sneider* v. *Bank of Italy*, 184 Cal. 595 [194 P. 1021, 12 A.L.R. 993]; *Marble Co.* v. *Merchants' Nat. Bank*, 15 Cal.App. 347 [115 P. 59].) A check does not of itself operate as an assignment of the funds (Civ. Code, § 3265e; *Arnold* v. *San Ramon Valley Bank*, 184 Cal. 632 [194 P. 1012, 13 A.L.R. 320].) Any liability of the respondent to the appellant must be based upon their depositor relationship; upon whether the check was received provisionally for collection or as an immediate creation of a debt owed to the appellant. The deposit being a check, and not cash, it seems clear that it was a credit transaction and governed by section 16c of the Bank Act. That section, so far as material here, provides that any credit allowed by a bank for any check drawn on that bank, or on another bank or another branch of the same bank, shall be provisional only, subject to final payment and to receipt by

the bank allowing such credit of the actual money; provided further, "that any check . . . drawn on . . . the same bank . . . shall either be found good . . . or notice of dishonor duly sent, at or before the end of the next succeeding business day."

■ As we read this section, it provides that a bank accepting such a check for deposit gives a provisional credit only, subject to the check being paid (or charged against the account on which it is drawn) and the proceeds placed in the deposit representing the credit, with the further proviso that where the check is drawn on the same bank it must either be found good (by making the proper charge or book entry) or notice of dishonor given at or before the end of the succeeding business day. This gives the bank that time in which to determine whether to accept or reject the check so deposited and in which to make the necessary charge on the account on which the check was drawn, thus making collection of the check and removing the condition from the credit. Logically and practically, a bank must have a reasonable time to act in such a matter. Otherwise, another teller might pay another check before the receiving teller could complete the transaction and make the proper charge, even though both tellers had gone to look at the drawer's account before they acted. Section 16c seems to recognize this and to fix a reasonable time within which the bank must act on the provisionally deposited check. ■ If a bank acts within the time thus allowed and rejects the check which was accepted provisionally it cannot, under the statute, be held liable to the payee of the check merely because another check on the drawer's account happened to have been cashed in the meantime. In the absence of fraud or intentional wrongdoing, and there is no evidence of any such thing here, we think the provisions of section 16c are controlling. The result of which the appellant complains was made possible by the careless acts of Mrs. Hansen, and the blame should not be placed on the bank, in disregard of the statute. On the record before us, the respondent bank is not chargeable with the loss, if it be assumed that a loss was suffered.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.