**NATIONAL INDEMNITY COMPANY,**
Appellant,

v.

**SPRING BRANCH STATE BANK,**
Appellee.

No. 3871.

Court of Civil Appeals of Texas.

Waco.

Feb. 2, 1961.

Rehearing Denied Feb. 23, 1961.

Powell, Rauhut, McGinnis, Reavley & Brown, Houston, for appellant.

Duncan Neblett, Houston, for appellee.

TIREY, Justice.

This is an appeal from an order overruling plaintiff's motion for summary judgment. In the judgment we find this recital: * * * "the Court * * * finds that the law and the facts are with the defendant," * * * and decreed that plaintiff take nothing. The decree is assailed on two points; they are substantially to the effect that the Court erred because: (1) The bank had sufficient knowledge of the trust character of the funds standing in the name of The Mullan Company to create a duty of inquiry as to the true ownership thereof, and appellee was guilty of conversion when it applied such trust funds to its own use; (2) That the appellant, as the equitable owner of the trust funds on deposit in the name of The Mullan Company, has a superior right thereto as opposed to appellee bank which applied such funds to payment of a prior existing debt owed personally by the trustee.

A statement is necessary. The appellant went to trial on its original petition. Pertinent to this discussion it alleged substantially that on March 15, 1955 plaintiff entered into a general agency agreement with Mullan doing business as The Mullan Company, whereby plaintiff appointed such company as its general agent in Texas for such insurance coverage as plaintiff might authorize from time to time; that by this agreement the Mullan Company was authorized to collect premiums for insurance on behalf of plaintiff; that by a trust agreement entered into by plaintiff and The Mullan Company on March 15, 1955, it was expressly confirmed that all premiums received by Mullan relating to plaintiff's business be held in trust by plaintiff until such premiums were paid over to plaintiff; that during the period prior to July 1956 The Mullan Company, while conducting the business of a general insurance agency followed the practice of collecting premiums for insurance companies it represented, depositing those premiums to its account in the defendant bank, and subsequently remitting to the insurance companies the net premium after deducting premium commissions; that pursuant to the above agreements, this practice was

followed by The Mullan Company with respect to premiums collected by it for plaintiff; that defendant bank knew that The Mullan Company was in the business of operating an insurance agency and was aware of that company's practice of depositing the insurance premiums it collected for plaintiff and other insurance companies in its account at such bank; that on June 23, 1956, The Mullan Company collected for plaintiff the sum of $3,091.21 in insurance premiums; that this sum was deposited in the bank on or about June 23, 1956, to the account of The Mullan Company; that of this amount collected and deposited the net amount of $2,327.14 ($3,091.21 less commission of 17½%) was the property of and held in trust for the plaintiff; that on or about June 28, 1956 the entire funds which were held by The Mullan Company in trust for plaintiff and which were on deposit in the defendant bank were appropriated by the bank on account of an obligation owed to the bank by Mullan Company; that demand was made by plaintiff on defendant bank to pay over to it such sum, all of which it refused to do, and prayed for appropriate relief. Defendant seasonably filed its answer in which it entered only a general denial. Thereafter the parties took the oral deposition of A. W. Schmidt, President of the bank. The deposition of Mr. Schmidt, together with the exhibits identified and tendered into Court constitute the evidence in this case. The plaintiff in its motion for summary judgment alleged substantially that the deposition of Schmidt establishes that the bank converted to its own use the money in question by charging the account of Mullan Company with an obligation of Mullan Company to the bank; that the records of the bank, set forth as exhibits to the deposition, reflect the exact transactions, and there is no area for dispute as to these facts; that plaintiff relies upon the testimony of the President of the bank regarding his knowledge as an admission of such facts and that under the law, charges the bank with a duty to restore the trust funds converted to its own use, and by reason of

the testimony of Mr. Schmidt only an issue of law is presented, and that there is no genuine dispute as to the facts.

We have considered Mr. Schmidt's testimony, including the exhibits attached to it very carefully and as we view this testimony we think the following facts are without dispute. The record shows that the account was opened November 9, 1953 under the name of Joseph N. Mullan, Jr., dba The Mullan Company as a joint account with his wife, Zenobia Mullan, authorized to sign checks on said account; that on January 4, 1956, Mullan transferred $13,500 from appellee bank to Republic National Bank in Dallas for his account; that on January 10, 1956, Mullan's second wife, Juanita, opened an account at appellee bank with an initial deposit of $7,457.29; that Schmidt did not know on June 28, 1956 that The Mullan Company was in financial difficulty nor did he suspicion any such thing; that Schmidt said that on or about this date Mullan's account had been larger in the past than it was at that time; that the account in question was just an ordinary checking account used by Mullan in his business; that the bank had no knowledge at all that appellant may have been a beneficiary of any deposit in its bank, nor did it have any knowledge of any trust agreement between Mullan or The Mullan Company or any insurance companies, including appellant, which Mullan represented; that appellant had specific authority from the owner of the bank account, namely Mullan, to charge such account in the manner in which such charges were made; that none of Mullan's business dealings with the bank indicated in any way that Mullan represented the appellant.

The appellant relies upon the following authorities to sustain its view: City National Bank of Beaumont v. American Surety Company of New York, Tex.Com. App., 52 S.W.2d 259; Commercial State Bank v. Algeo, Tex.Civ.App., 331 S.W.2d 84, dismissed; First National Bank of Schulenburg v. Winkler, 139 Tex. 131, 161 S.W.2d 1053; Tex.Civ.App., 146 S.W.2d

201; Arnold v. San Ramon Valley Bank, 184 Cal. 632, 194 P. 1012, 13 A.L.R. 324; Cable v. Iowa State Savings Bank, 197 Iowa 393, 194 N.W. 957, 197 N.W. 434, 31 A.L.R. 756; Agard v. People's National Bank, 169 Minn. 438, 211 N.W. 825, 50 A.L.R. 632; Interstate National Bank v. Claxton, 97 Tex. 569, 80 S.W. 604; Pacific Indemnity Company v. Grand Avenue State Bank of Dallas, Texas, 5 Cir., 223 F.2d 513; Steere v. Stockyards National Bank, 113 Tex. 387, 256 S.W. 586; United States Fidelity & Guaranty Company v. Adou & Lobit, 104 Tex. 379, 137 S.W. 148; Western Shoe Co. v. Amarillo National Bank, 127 Tex. 369, 94 S.W.2d 125; Wichita Royalty Co. et al. v. City National Bank of Wichita Falls, et al., 127 Tex. 158, 89 S.W.2d 394. We have reviewed each of the foregoing cases to the best of our ability but we do not believe that they support plaintiff's theory of the case for the following reasons which we will discuss very briefly. First of all, as we understand this record appellee bank did not have sufficient knowledge of the trust character of the funds standing in the name of The Mullan Company to create a duty of inquiry as to the true ownership thereof, and by reason thereof that appellee was not guilty of conversion when it applied funds in the Mullan account to payment of a debt owed it by Mullan. Moreover, in the second place, the theory of plaintiff with regard to the balancing of the equities is not applicable in the case at bar so as to give appellant a superior right to the funds on deposit in the name of The Mullan Company as against appellee's rights to such funds; and, finally, that appellee is and was not required to recognize the claim of any third person to any deposit unless and until the bank is duly served with process in connection with the suit instituted by such third party for the purpose of recovery or establishing an interest in such deposit. There is no doubt that the trial judge was of the view that Mr. Schmidt's deposition showed that the account was no more than a commercial account used for both personal and business matters, and that while the bank had knowledge that Mr. Mullan was in the insurance business, yet the record showed that the bank had never financed any premium loans involving appellant, nor did it have any knowledge that Mullan had any business relations with the plaintiff here.

■ Nor do we think the opinion of our Supreme Court in Steere v. Stockyards National Bank, supra, supports plaintiff's theory of recovery. As we understand that decision, it shows that the bank in that instance had actual knowledge of the trust fund character of the deposits in the account involved. That situation is non-existent here. In this case we think it is undisputed that there was no actual knowledge, nor do the facts constitute knowledge of circumstances sufficient to necessitate inquiry on the part of the bank. We think the foregoing view of the trial court, which is supported by the evidence, distinguishes this factual situation from the cases cited by appellant. Moreover, it is without dispute here that a debtor-creditor relationship existed between Mullan and the appellee bank at the time Mullan's indebtedness to the bank was applied against his account, and in the absence of any knowledge on the part of the bank of the alleged contract existing between Mullan and appellant, appellee had the right to appropriate a part of Mullan's account in discharge of his debt to the bank. See 6 Texas Jurisprudence 232, Section 100. But, appellant takes the position that appellee would be unjustly enriched at its expense if appellee be allowed to apply money belonging to appellant to a debt owed by Mullan based on credit extended without regard to appellant's trust funds being on deposit, and contends that such unjust enrichment is not dependent upon knowledge or undisputed knowledge of trust funds at the time of conversion, although such knowledge did exist in the cases establishing the Rule. We cannot agree with appellant's contention. We think the appellant's contention is grounded

on the fact that it has discharged its burden of proof, and that appellee did have notice or had knowledge of such facts that as a matter of law it had the duty of inquiry, but the trial court did not take such view of the testimony, but took the contrary view and decreed accordingly. Nor do we think the opinion of our circuit court in Pacific Indemnity Company v. Crand Avenue State Bank of Dallas, Texas, supra, supports the appellant's theory of recovery. In that case the bank paid itself after having notice of a restraining order, and necessarily the bank had actual knowledge of third party claimants to the account from which the bank paid itself. Moreover, the court held that at the time of the offset there was no debtor-creditor relationship between the creditor and depositor bank. In the case here the debtor-creditor relationship existed between Mullan and the bank at the time the bank applied its indebtedness against Mullan's deposit, and we think the record shows that this was done without any knowledge whatsoever of the existence of any trust or other relationship between the appellant here and Mullan. This record discloses that the first knowledge that appellee had of appellant's claim to any funds deposited in the Mullan account was when it was served with citation on August 13, 1957, which was approximately one year after the Mullan account was closed.

Finally, the Texas Banking Code of 1943 provides in Article 342–709, Vernon's Ann.Civ.St. as follows:

"No bank shall be required to recognize the claim of any third party to any deposit, or withhold payment of any deposit to the depositor or to his order, unless and until the bank is served with citation or other appropriate process issuing out of a court of competent jurisdiction in connection with a suit instituted by such third party for the purpose of recovering or establishing an interest in such deposit."

Under the foregoing statute the undisputed factual situation here precludes the appellant from recovery. It is true that the foregoing statute was discussed by the Circuit Court in Pacific Indemnity Company case, supra, but the opinion shows that the bank had notice of a restraining order and shows thereafter to have paid itself from a depositor's account. Needless to say that under the provisions of the foregoing statute the bank acted at its peril after notice.

Accordingly the judgment of the trial court is affirmed.